**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT FRANKFORT**

**CIVIL ACTION NO. 18-64-DLB**

**DIANA L. GRAY**                                                                       **PLAINTIFF**

**v.**                 **MEMORANDUM OPINION AND ORDER**

**ANDREW SAUL,**[1] **Commissioner
of the Social Security Administration**                                           **DEFENDANT**

\*\* \*\* \*\* \*\* \*\*

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security. The Court, having reviewed the record and the parties' dispositive motions, and for the reasons set forth herein, will **affirm** the Commissioner's decision.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Diana L. Gray protectively filed for a period of disability and Disability Insurance Benefits (DIB) under Title II alleging disability beginning on June 2, 2006. (Tr. 15). That application was denied on January 21, 2009,[2] and the Appeals Council denied review on October 23, 2009. *Id*. The Plaintiff then filed a second application under Title II alleging disability beginning on August 20, 2011. *Id.* That application was denied on December 22, 2014. *Id.* The Appeals Council, however, granted review of the 2014

---

[1]    Andrew Saul was sworn in as Commissioner of Social Security on June 17, 2019, during the pendency of this action. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Commissioner Saul is automatically substituted as a party.

[2]    This decision will be referred to as the "2009 ALJ decision."

decision and remanded the application for further proceedings. *Id*. In accordance with the Appeal Council's directions, the record was supplemented and an administrative hearing was conducted on March 22, 2017 before Administrative Law Judge (ALJ) Roger L. Reynolds. (Tr. 15, 27). On July 6, 2017, ALJ Reynolds ruled that Plaintiff was not entitled to benefits. (Tr. 15–27). This decision became the final decision of the Commissioner on September 14, 2018 when the Appeals Council denied Plaintiff's request for review. (Tr. 1–3).

Plaintiff filed the instant action on November 15, 2018 alleging that the Commissioner's decision was contrary to law. (Doc. # 1). The matter has culminated in cross-motions for summary judgment, which are now ripe for adjudication. (Docs. # 13 and 15).

## II. DISCUSSION

### A. Standard of Review

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Colvin v. Barnhart*, 475 F.3d 727, 729 (6th Cir. 2007). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Courts are not to conduct a de novo review, resolve conflicts in the evidence, or make credibility determinations. *Id.* Rather, the Court must affirm the Commissioner's decision, as long as it is supported by substantial evidence, even if the Court might have decided the case differently. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389–90 (6th Cir. 1999).

If supported by substantial evidence, the Commissioner's findings must be affirmed, even if there is evidence favoring Plaintiff's side. *Listenbee v. Sec'y of Health & Human Servs.*, 846 F.2d 345, 349 (6th Cir. 1988). Similarly, an administrative decision is not subject to reversal merely because substantial evidence would have supported the opposite conclusion. *Smith v. Chater*, 99 F.3d 780, 781–82 (6th Cir. 1996).

When a claimant files an application for benefits under the same title of the Social Security Act as a previously-determined application, the principal of res judicata places limits on the evidence that an ALJ evaluating the second application can review. The Sixth Circuit has established that "the principles of res judicata can be applied against the [SSA] Commissioner." *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 842 (6th Cir. 1997). "When the Commissioner has made a final decision concerning a claimant's entitlement to benefits, the Commissioner is bound by this determination absent changed circumstances." *Id.* A prior ALJ's legal and factual findings must not be altered unless new and material evidence is presented showing that the plaintiff's condition has significantly changed. *Id.*; *see also Blankenship v. Comm'r of Soc. Sec.*, 624 F. App'x 419, 425 (6th Cir. 2015).

Here, before considering whether Gray was disabled, the ALJ determined that Gray had presented "new and material evidence relating to the development of a mental impairment and several nonsevere impairments." (Tr. 15). As a result, under *Drummond*, the findings from the 2009 ALJ decision were not binding. (Tr. 16).

### B. The ALJ's Determination

To determine disability, the ALJ conducts a five-step analysis. Step One considers whether the claimant has engaged in substantial gainful activity; Step Two, whether any

3

of the claimant's impairments, alone or in combination, are "severe;" Step Three, whether the impairments meet or equal a listing in the Listing of Impairments; Step Four, whether the claimant can still perform his past relevant work; and Step Five, whether a significant number of other jobs exist in the national economy that the claimant can perform. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). The burden of proof rests with the claimant on Steps One through Four. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). As to the last step, the burden of proof shifts to the Commissioner to identify "jobs in the economy that accommodate [the claimant's] residual functional capacity." *Id.* The ALJ's determination becomes the final decision of the Commissioner if the Appeals Council denies review, as it did here. *See Thacker v. Berryhill*, No. 16-CV-114, 2017 WL 653546, at *1 (E.D. Ky. Feb. 16, 2017); (Tr. 1–3).

Here, at Step One, the ALJ found that Plaintiff has not engaged in substantial gainful activity since August 20, 2011—the alleged onset date of the disability. (Tr. 18). At Step Two, the ALJ determined that the Plaintiff has the following severe impairments: chronic low back pain secondary to degenerative disc disease of the lumbosacral spine with mild facet arthropathy, chronic hip pain secondary to early trochanteric bursitis, and a major depressive disorder. (Tr. 18). The ALJ determined that Plaintiff's other impairments—migraine headaches, now healed fractures of the left calcaneous, and obesity—caused no more than minimal limitations on her ability to work. (Tr. 18–19). At Step Three, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of one of the impairments listed in 20 C.F.R. § 404, Subpart P, Appendix 1. (Tr. 19–21).

4

At Step Four, the ALJ found that Plaintiff possesses the residual functional capacity (RFC) to perform a limited range of work at the light exertional level as defined in 20 C.F.R. § 404.1567(b), with the following modifications and limitations:

> She could lift and or carry 20 pounds occasionally and ten pounds frequently. The claimant required a sit/stand option allowing her to stand or walk no more than 30 to 45 minutes at a time, with no sitting in excess of two hours without interruption. She should not have been required to climb a rope, ladder or scaffold, but could occasionally climb stairs and ramps. The claimant could occasionally balance, stoop, or kneel. She could not crouch, crawl, or engage in aerobic activities such as running or jumping. The claimant should not have operated a foot pedal control and should have had no exposure to concentrated vibration or industrial hazards. She required entry level work with simple, repetitive procedures. The claimant could tolerate occasional changes in work routines and required work in an object-oriented environment with occasional and casual contact with coworkers, supervisors and the general public.

(Tr. 21). Based on this RFC and relying on the testimony of a vocational expert (VE), the ALJ concluded that the Plaintiff was unable to perform her past relevant work as an assistant Dollar General Store manager, hotel manager, college sorority house housekeeper, deli clerk, and assistant motel manager. (Tr. 25). Thus, the ALJ proceeded to Step Five where he determined, informed by testimony of the VE, that there were other jobs that exist in significant numbers in the national economy that the Plaintiff could perform. (Tr. 25–26). Accordingly, the ALJ ruled that the Plaintiff was not under a disability, as defined in the Social Security Act. (Tr. 27).

**C.    Analysis**

Gray advances two main arguments in support of her Motion for Summary Judgment. (Doc. # 13-1). First, Gray claims that the ALJ did not properly analyze treating physician Dr. Pragya Gupta's opinion. *Id.* at 3–4. Second, Gray argues that the ALJ failed to account for her limitations regarding concentration, persistence and pace in the

5

RFC and the hypothetical posed to the VE. *Id.* at 3–6. She suggests that these alleged errors require reversal of the Commissioner's decision. *Id.* at 6. The Court will consider each argument in turn.

### 1. The ALJ's consideration of the treating physician's opinion was proper.

Gray suggests that the ALJ did not give proper weight to the opinion of Dr. Gupta, one of her treating physicians. *Id.* at 3–4. Specifically, Plaintiff claims that the ALJ did not properly explain why he gave Dr. Gupta's opinion "little weight." *Id.* at 4. In a letter in support of Plaintiff's application for DIB, Dr. Gupta opined that Gray "is completely disabled" and "truly disabled." (Tr. 956). He indicated that a functional capacity evaluation completed by physical therapist Keri Kuppler "proves that the patient is only capable of a maximum of 4 hours of work a day, which by disability guidelines, should qualify this patient for full disability benefits." (Tr. 956–57).

The medical opinion of a treating physician about "the nature and severity of your impairment(s)" is entitled to controlling weight if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record." 20 C.F.R. § 404.1527(c)(2). Medical opinions include "statements from acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical and mental restrictions." 20 C.F.R. § 404.1527(a)(1). An ALJ giving less than controlling weight to such a medical opinion must consider a number of factors including: "the length, frequency, nature and extent of the treatment relationship, as well as the treating source's area of specialty and the degree to which the opinion is consistent with the record as a

whole and is supported by relevant evidence" in coming to that decision. *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013) (internal citations omitted) (citing 20 C.F.R. § 404.1527(c)(2)-(6)). While "[t]he ALJ need not perform an exhaustive, step-by-step analysis of each factor; [the ALJ must] . . . provide 'good reasons' for both [the] decision not to afford the physician's opinion controlling weight and for [the] ultimate weighing of the opinion." *Biestek v. Comm'r of Soc. Sec.*, 880 F.3d 778, 785 (6th Cir. 2017). The explanation must be sufficient "to let claimants understand the disposition of their cases." *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011) (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004)).

Opinions about whether a Plaintiff is disabled, however, are not considered medical opinions and are not given "any special significance." 20 C.F.R. § 404.1527(d). Rather, the issue of disability is reserved exclusively to the Commissioner. *Id.* Though these types of opinions may not be "entirely ignore[d]" by the ALJ, the ALJ "need only 'explain the consideration given to the treating source's opinion.'" *Turner*, 381 F. App'x at 493 (citing Soc. Sec. Rul. 96–5p, 61 Fed. Reg. 34471, 34474 (July 2, 1996)). Such an explanation, however, can be brief. *Id*. ("[T]he ALJ's adequately explained the consideration given to Dr. Wright's opinion by noting that the opinion spoke to an issue reserved to the Commissioner and that the opinion ultimately expressed uncertainty as to Turner's inability to work."); *Osier v. Astrue*, No. 2:10-cv-44, 2011 WL 2670578, at *19 (M.D. Tenn. July 8, 2011) (finding an ALJ's reasoning "threadbare but nonetheless sufficient" when the ALJ did not "explicitly provide any concrete examples to support [his] conclusion, [but] appears to support this finding implicitly"). The Sixth Circuit has even found a "failure to explicitly consider" such an opinion "harmless error because the ALJ

indirectly rejected the conclusion that [Plaintiff] was unable to work by reasonably explaining that the majority of medical evidence, the nature of [Plaintiff's] treatment, and the other medical opinions in the record showed that [the plaintiff] had the capacity to perform a limited range of sedentary work." *Dutkiewicz v. Comm'r of Soc. Sec.*, 663 F. App'x 430, 432 (6th Cir. 2016) (citing *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 440–41 (6th Cir. 2010)).

Here, Dr. Gupta's opinion that Gray was disabled, (Tr. 956), is not a medical opinion. 20 C.F.R. § 404.1527(d). Additionally, the Court finds that Dr. Gupta's opinion that Plaintiff could not work more than four hours per day, (Tr. 956), is, similarly, not a medical opinion as it is merely another way of restating that Gray was disabled and unable to work. *See Turner v. Comm'r of Soc. Sec.*, 381 F. App'x 488, 493 (6th Cir. 2010) ("Dr. Wright's statement that Turner was not 'currently capable of a full-time 8-hour workload' was simply an alternate way of restating his opinion that Turner was 'unable to work.' It was thus an opinion on an issue reserved to the Commissioner and was not entitled to any deference.").

In his decision, the ALJ explained that he gave little weight to Dr. Gupta's opinion because it went to an issue reserved exclusively to the Commissioner. (Tr. 23). He further explained that Ms. Kuppler's conclusion that Gray cannot work for eight hours per day—on which Dr. Gupta relied to determine that Gray was disabled—is not supported by the "diagnostic studies and treatment records." *Id.* Prior to his comments on Dr. Gupta's opinion, the ALJ reviewed the record in its entirety and explained how neither "the objective medical findings nor the diagnostic studies in the record support the limitations the claimant alleges." (Tr. 22). For example, he indicated that the diagnostic

8

tests performed on Plaintiff's back "after the alleged onset date do not document a significant deterioration" and that x-rays of Plaintiff's hips taken after the alleged onset date "showed no abnormality." *Id*. In conducting this review and finding that the records did not support Plaintiff's assertion of disability, the ALJ implied that Dr. Gupta's conclusion to the same effect was similarly not supported by the medical records. *Id*. While it is a close call because the ALJ did not *specifically* address which medical records and diagnostic tests led to the discounting of Dr. Gupta's conclusion, the Court finds the ALJ's decision clearly explained how Dr. Gupta's opinion was not supported by the record. This explanation, though not provided directly in reference to Dr. Gupta's opinion, is sufficient to explain the "little weight" given to Dr. Gupta's conclusion. Accordingly, the ALJ's discounting of Dr. Gupta's opinion that Gray was disabled was not in error and does not require reversal and remand.

### 2. *The ALJ's RFC and hypothetical adequately accounted for Plaintiff's concentration, persistence and pace limitation.*

Gray next appears to argue that the RFC and the hypothetical posed to the VE by the ALJ did not properly include limitations to reflect Gray's "limitation in concentration, persistence and pace."[3] (Doc. # 13-1 at 3, 5–6). At Step Three of the analysis, the ALJ found that "the claimant had moderate limitations on concentrating, persisting, or maintaining pace through the date last insured." (Tr. 20). The RFC developed later at Step Four then indicated that Plaintiff must be limited to "entry level work with simple and

---

[3] Plaintiff's second argument is not a model of clarity. Plaintiff first indicates that the "ALJ fails to account for [the moderate concentration, persistence and pace limitation] in his RFC. (Doc. # 13-1 at 3, 6). In the brief, however, she argues that the "ALJ's hypothetical does not properly account" for the same limitation. *Id.* at 5. In other words, Plaintiff appears to conflate the RFC determination and the hypothetical posed to the VE. Out of an abundance of caution, the Court will consider whether both the RFC and hypothetical properly accounted for the limitation.

repetitive procedures" with only "occasional changes in work routine," among other things. (Tr. 21). The hypothetical posed to the VE included the same limitations. (Tr. 64). Gray argues that these limitations are insufficient. In support of her argument, Gray points to out-of-circuit precedent to suggest that "limiting a hypothetical worker to simple repetitive work does not address moderate deficiencies in concentration, persistence and pace." (Doc. # 13-1 at 4) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614 (7th Cir. 2010)).

An RFC is "an administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities." SSR 96-8p, 61 Fed. Reg. 34474, 34475 (July 2, 1996). At Step Four, the ALJ uses the RFC to determine if the claimant can perform her past relevant work. *Walters*, 127 F.3d at 529. If the ALJ finds that the claimant cannot perform her past relevant work, then the ALJ goes on to Step Five to determine if there are a significant number of other jobs in the national economy that the claimant can perform. *Id.* "[T]he Commissioner will consider her RFC, age, education and past work experience to determine if she can perform other work." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002). If a claimant cannot perform other work, then she is deemed disabled. *See Jones*, 336 F.3d at 474. The burden is on the Commissioner to prove "that there is work available in the economy that the claimant can perform." *Baker v. Barnhart*, 182 F. App'x 497, 499 (6th Cir. 2006) (quoting *Her*, 203 F.3d at 391). "When the Commissioner seeks to rely on the testimony of the VE to show the existence of a substantial number of jobs other than past work that the claimant can perform, the testimony must have been given in response to a hypothetical question that

accurately portrays the claimant's physical and mental impairments." *Smith-Johnson v. Comm'r of Soc. Sec.*, 579 F. App'x 426, 436 (6th Cir. 2014) (citing *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 513, 516 (6th Cir. 2010)). Testimony of a VE, in response to a proper hypothetical, can serve as substantial evidence for a finding that a claimant is not disabled. *Id.*

In the Sixth Circuit, "the limitation to simple, routine, and repetitive tasks adequately conveys [a claimant's] moderately-limited ability to maintain attention and concentration for extended periods." *Smith-Johnson*, 579 F. App'x at 437 (internal quotations omitted). Such a limitation is sufficient unless there is "evidence in the record the provides for specific, concrete limitations on [a claimant's] ability to maintain concentration, persistence or pace while doing simple, unskilled work." *Kepke v. Comm'r of Soc. Sec.*, 636 F. App'x 625, 635 (6th Cir. 2016) (distinguishing the claimant's general limitation on concentration, persistence and pace, from the limitations on the claimant in *Ealy*, 594 F.3d at 516, noting that "one of the claimant's doctors specifically limited his ability to sustain concentration to simple repetitive tasks [for] [two-hour] segments over an eight-hour day where speed was not critical." (internal quotations omitted)). In the Sixth Circuit there is no rule "that a hypothetical providing for simple, unskilled work is *per se* insufficient to convey moderate limitations in concentration, persistence and pace." *Id.* Similar limitations in an RFC are sufficient to account for a claimant's moderate concentration, persistence and pace limitation. *See Lucas v. Colvin*, No. 0:15-cv-48-KKC, 2016 WL 3976648, at *4 (E.D. Ky. July 22, 2016).

Here, Plaintiff has failed to point to any evidence in the record of a more specific limitation on her ability to concentrate. Thus, the Court finds that under Sixth Circuit case

law, the ALJ's general limitation to simple and repetitive work in both the RFC and hypothetical to the VE adequately accounted for Gray's concentration, persistence and pace limitation. Further, since there is controlling case law from the Sixth Circuit, the Court declines Plaintiff's request to follow out-of-circuit precedent to reach the opposite conclusion. (Doc. # 13-1). Accordingly, the RFC and hypothetical properly accounted for the Plaintiff's limitation, and the ALJ did not err. As the VE's testimony was based on a proper hypothetical, the Commissioner's decision was supported by substantial evidence. *Smith-Johnson*, 579 F. App'x at 436.

### III. CONCLUSION

For the reasons stated herein, the Court concludes that the ALJ did not err in finding that Plaintiff was not disabled for purposes of the Social Security Act.

Accordingly, **IT IS ORDERED** as follows:

(1) The decision of the Commissioner is found to be supported by substantial evidence and is hereby **AFFIRMED**;

(2) Plaintiff's Motion for Summary Judgment (Doc. # 13) is hereby **DENIED**;

(3) Defendant's Motion for Summary Judgment (Doc. # 15) is hereby **GRANTED**; and

(4) A Judgment in favor of Defendant Commissioner will be entered contemporaneously herewith.

This 25th day of September, 2019.



Signed By:
*David L. Bunning*
United States District Judge